Argued and submitted August 27, 1998, reversed and remanded April 14, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## PHUNTSOK HGAWANG LHASAWA,
*Respondent.*

(9702-41629; CA A97609)

979 P2d 774

Robert M. Atkinson, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General. With him on the reply brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Samuel C. Kauffman argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged with the crime of prostitution, ORS 167.007, after being arrested for that crime within a designated "prostitution free zone" within the City of Portland. At the time of the arrest, defendant was issued a 90-day exclusion order pursuant to a city ordinance. Defendant moved to dismiss the criminal charge on the ground that he had been put in jeopardy twice for the same offense, in violation of the state and federal constitutions, because the exclusion pursuant to the city ordinance constituted "punishment" for purposes of double jeopardy analysis. The trial court dismissed the indictment on the ground that the exclusion was "punishment."

In *State v. James*, 159 Or App 502, 978 P2d 415 (1999), we concluded that civil exclusion from a designated drug free zone, followed by prosecution for a drug crime committed in the zone that provided the basis for the exclusion, did not implicate double jeopardy concerns. The exclusion ordinances pertaining to prostitution free zones are virtually identical to those at issue in *James*. For the reasons set forth in *James*, we conclude that the trial court erred in dismissing the accusatory instrument.

Reversed and remanded.